

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-19-2005

# Li v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1708

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Li v. Atty Gen USA" (2005). *2005 Decisions.* Paper 828.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/828

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-1708

———

BAO YUAN LI

Petitioner

v.

ALBERTO GONZALES,
Attorney General of the United States of America

Respondent

———

Petition for Review of an Order
of the Board of Immigration Appeals
(No. A73-167-983)

———

Submitted Under Third Circuit LAR 34.1(a)
Date: July 14, 2005

Before: ALITO, VAN ANTWERPEN and ALDISERT, Circuit Judges

(Filed July 19, 2005)

———

OPINION OF THE COURT

———

ALDISERT, <u>Circuit Judge</u>.

Petitioner Bao Yuan Li, a native and citizen of China, seeks review of a final order of removal issued by the Board of Immigration Appeals ("BIA") on February 12, 2003. The order affirmed without opinion the Immigration Judge's ("IJ's") adverse credibility finding and its decision to deny Li's request for asylum and withholding of removal. We have jurisdiction to review the BIA's order pursuant to 8 U.S.C. § 1252.[1] We will deny the petition.

## I.

Because we write only for the parties, who are familiar with the facts, procedural history and contentions presented, we will not recite them except as necessary to the discussion.

## II.

To establish that he or she is a refugee eligible for asylum, a petitioner must demonstrate an inability or unwillingness to return to his or her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A)(2000). A petitioner for asylum bears the burden of supporting the claim through credible testimony. <u>Gao v. Ashcroft</u>, 299 F.3d 266, 272 (3d Cir. 2002).

---

[1]The Immigration and Nationality Act ("INA") was amended by the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231. Because these amendments do not affect the INA provisions applicable in this case, we will not discuss the REAL ID Act further.

An adverse credibility finding should be supported by specific, cogent reasons for the disbelief in petitioner's testimony. Balasubramanrim v. INS, 143 F.3d 157, 161-162 (3d Cir. 1998). When the BIA affirms the IJ without an opinion, we review the IJ's opinion. Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003). We review an adverse credibility finding under the substantial evidence standard, meaning that we will uphold the IJ's findings "to the extent that they are 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Balasubramanrim, 143 F.3d at 161 (quoting INS v. Elias-Zacarias, 502 U.S. 478 (1992)). The IJ will not be reversed merely because the court disagrees with the IJ's evaluation of the facts, but will be affirmed if the IJ's conclusion is substantially reasonable. Dia, 353 F.3d at 249 (citing El Moraghy v. Ashcroft, 331 F.3d 195, 202 (3d Cir. 2003)). Deference to an adverse credibility finding, however, "is not due where findings and conclusions are based on inferences or presumptions that are not reasonably grounded in the record." Id.

Here, we must determine whether the IJ, as affirmed by the BIA, correctly determined that Li's testimony was not credible. We will deny the petition for review.

The IJ's adverse credibility findings were based on a couple of factors. First, in his original asylum application, Li made many untrue statements. Li blamed these falsehoods on his previous attorney. He refused, however, to file a complaint against the attorney. The IJ concluded that Li was a willing participant in making the inaccurate statements and did not want to file a complaint because that would reveal his participation in the

3

fraud.

The IJ concluded also that there was no probative evidence that Li is Roman Catholic. The IJ noted that Li had nine years in which to gather documents that would show that some of his family was Roman Catholic. The only evidence Li presented was his own self-serving statements.

Even if Li's testimony was credible, the IJ concluded that he could not qualify for asylum because he failed to establish that he faces a reasonable possibility of future persecution in China because of a factor protected by the Act. See 8 U.S.C. § 1101(a)(42)(A). Li now claims that he was never legally married to the mother of his two children. Because the birth control cases allowing asylum require that the male applicant is the spouse of a person in China who has suffered from the birth control policies, Li's asylum claim fails.

Li contends that the IJ failed to base his credibility findings on the record and that the IJ's failure to consider corroborative evidence is reversible error. Li fails to mention what this potentially corroborative evidence is. This Court has held that it is permissible for a court to require applicants to supply corroborative evidence in order to meet their burden of proof. See Abdulai v. Ashcroft, 239 F.3d 542, 554 (3d Cir. 2001). In this case, however, Li did not supply corroborative evidence for his claim that he was Roman Catholic.

A review of the record reveals that the IJ's adverse credibility finding is supported

by sufficient evidence. Li's statement in his asylum application is completely different from his testimony before the IJ. For example, Li claimed to be a professor in his asylum application yet changed his story before the IJ. Li admitted that the asylum application was false but blamed the inaccuracies on his previous attorney. Although he had two years to file an ineffective assistance of counsel claim against his former attorney, he refused to do so for fear he would "offend him." The IJ pointed out that Li had "no less than three stories about why [he] want[ed] asylum" and he did not find any of these stories credible or supported.

* * * * *

We have considered all arguments raised by the parties and conclude that no further discussion is necessary. We hold that substantial evidence supported the IJ's adverse credibility findings.

The petition for review will be denied.